In Re: Petition of Ralph T. Shannon
For Readmission to the Bar of Arkansas

81-84                                    621 S.W. 2d 853

Supreme Court of Arkansas
Opinion delivered October 21, 1981

*Davis & Bracey, P.A.,* by: *Charles E. Davis,* for appellant.

*State Board of Law Examiners*, by: *Phillip E. Dixon*, for appellee.

PER CURIAM. On September 20, 1974, this court accepted the voluntary surrender of petitioner's license to practice law in the State of Arkansas. On January 21, 1975, petitioner, on a plea of *nolo contendere*, was found guilty on two counts of embezzlement and received concurrent sentences of ten years with all but three years suspended. He was paroled in August, 1975, and two years later was discharged from parole. In May, 1980, he was granted a pardon by the governor, based upon the recommendation of the Board of Pardons and Paroles.

Shannon petitioned the State Board of Law Examiners for reinstatement on August 28, 1980, pursuant to the Rules Governing Admission to the Bar, Rule 13, Ark. Stat. Ann. Vol. 3A (Supp. 1981). A subcommittee of the State Board of Law Examiners conducted a hearing on December 29, 1980, and submitted a transcript of the proceedings to each member of the Board without comment. On March 19, 1981, the Board, in written findings of fact, found the sequence of events as above enumerated and, also, that petitioner has not made complete restitution (approximately $17,500) to the former client. The Board held that petitioner has failed to meet the burden of proving eligibility for readmission as required by Rule 13. Hence this appeal.

On appeal the findings of the Board are reviewed *de novo* upon the record. Rule 13. Disbarment proceedings are civil in nature, are governed by rules applicable to civil proceedings and the allegations of a complaint must be proved by a preponderance of the evidence. *Weems v. Court Committee on Professional Conduct*, 257 Ark. 673, 523 S.W. 2d 900 (1975); and *Hurst v. Bar Rules Committee*, 202 Ark. 1101, 155 S.W. 2d 697 (1941). Here it follows that proceedings in a petition for reinstatement are also civil in nature. Rules of Civil Procedure, Rule 52, Ark. Stat. Ann. Vol. 3A (Repl. 1979) provides that "[f]indings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence) . . . . " We think this standard of review is applicable here.

Petitioner was admitted to the bar upon graduation from law school in April, 1965. He attributes his misappropriation of a client's funds to the traumatic experience when his then wife required extensive psychiatric treatment following the birth of their son in 1968 and the attendant expenses. This marriage ended in divorce in 1972. There was another unsuccessful marriage of short duration. However, his marriage (to his present wife) in 1973 survived his emotional and financial problems and his imprisonment. She corroborated his rehabilitation. There are three children. Petitioner made a voluntary disclosure of his wrong doings to the authorities. Since his imprisonment, he has worked at various jobs; i.e., a carpenter, selling farm equipment, where he was entrusted with large sums of money, and is presently employed by the Ozark Legal Services as Director of Community Education. He has become an ordained minister. His employers are highly complimentary and recommended reinstatement. Other witnesses attested to his rehabilitation with respect to his good moral character and mental and emotional stability.

The committee received numerous letters from the public, lawyers and judges in response to its inquiry as to petitioner's fitness to practice law. He received support from his supervisor and co-workers at Ozark Legal Services, as well as from many lay persons, attorneys and business men in the community. However, the committee also received letters from this segment opposed to the reinstatement. Most of them, including judges, stated they could not recommend nor consider reinstatement until petitioner made restitution. At the committee hearing on December 29, 1980, petitioner had only made partial restitution, due to his limited income, to the estate from which he embezzled funds. Since the hearing, however, he has effected a settlement with the estate and received a release satisfying the judgment against him on the indebtedness. However, he has not paid the Arkansas Bar-Client Security Fund any of the $5,000 it paid to the estate to cushion its loss. Although there is some indication that his inattention and neglect of his practice during 1970-1974 resulted in some indebtedness to other clients, there is no formal complaint to substantiate this.

108-A

A disbarment proceeding is not for the purpose of punishment, *Maloney v. State,* 182 Ark. 510, 32 S.W. 2d 423 (1930), and neither is a proceeding for readmission to the bar. The overriding considerations on the question of readmission are the public interest, the integrity of the bar and the courts with due consideration to the rehabilitation of the petitioner with respect to good moral character and mental and emotional stability.

After reviewing the record *de novo,* we cannot say the Board's finding that petitioner had failed to meet his burden in establishing his eligibility for reinstatement to the bar was clearly erroneous.

Affirmed.

DUDLEY, J., not participating.