578

*Philip W. Ragsdale,* for appellant.

*House, Wallace & Jewell, P.A.,* by: *Philip E. Dixon,* for appellee.

JOHN I. PURTLE, Justice. The State Board of Law Examiners denied appellant's petition for reinstatement to practice law. Appellant contends here that the Board's findings of fact and conclusions of law were clearly erroneous and that appellant should be reinstated to practice law. We hold that the action taken by the Board was not clearly erroneous.

Appellant was appointed guardian of the estate of Carolyn F. Jenkins in May of 1969. Shortly thereafter he commenced borrowing or using the estate funds for his personal use. The probate court revoked Mr. Scales's guardianship on October 30, 1970. The court also entered judgment against him for $12,625 representing funds he had withdrawn from the estate without authorization. On

March 11, 1971, he was charged with seven felony counts of embezzlement.

Appellant filed a petition in the Supreme Court on April 18, 1974, wherein he requested the court to accept the surrender of his license to practice law. This court granted the petition and accepted surrender of appellant's license on January 17, 1975. He entered a guilty plea on April 10, 1975, and was given a five year suspended sentence. He was subsequently discharged and the record of conviction was expunged. He applied for reinstatement on March 29, 1982. The State Board of Law Examiners held a hearing on September 27, 1983, and entered its findings of fact and conclusions of law on January 19, 1984, denying the petition for reinstatement. This appeal followed.

On appeal the findings of the State Board of Law Examiners are reviewed de novo, and unless clearly erroneous, they will not be set aside. *In re Shannon*, 274 Ark. 106, 621 S.W.2d 853 (1981); Rules Governing Admission to the Bar, Rule XIII. When appellant petitioned this court to accept surrender of his license to practice law in Arkansas he stated: "I understand this surrender is final and permanent, and that I cannot be reinstated, or practice law, unless the Court should grant a petition for reinstatement after such hearings, and upon such conditions as it may fix." The Board heard the evidence and considered the matters presented by appellant. The Board found that appellant had been away from the practice of law for 13 years and that he had personally repaid only $200 of the $12,625 he took from his client. It does not matter that the bonding company repaid the funds appellant took from his client because it was the appellant who benefited from taking the funds which did not belong to him. In *Shannon* the petitioner had reformed and even become an ordained minister but he had not made restitution. He too had been pardoned for the crime he had committed. Appellant simply did not carry his burden of convincing the Board he should have his license restored. After a review of the record we cannot say the Board's findings were clearly erroneous. Its determination will be upheld.

Affirmed.