Richard L. HAMILTON *v.* Teddy D. JONES
and Superservice, Inc.

02-749                                          132 S.W.3d 724

Supreme Court of Arkansas
Opinion delivered December 4, 2003

*S. Bernard Butler, Jr.*, for appellant.

No response.

PER CURIAM. Richard L. Hamilton, through his attorney, S. Butler Bernard, Jr., filed a motion for writ of *certiorari*, requesting that we direct court reporter, Iris Brooks, to complete the remaining portion of the transcript to be included in the record.

On April 10, 2003, we issued a *per curiam* order directing Iris Brooks to complete the record within thirty days. *See Hamilton v. Jones*, 352 Ark. 569, 102 S.W.3d 479 (2003). In response, Ms. Brooks filed a motion for clarification, as she was no longer licensed to work as a court reporter and could not perform those duties as we directed in our order. On April 24, 2003, we issued a new *per curiam* order, revising our April 10, 2003 order and directing Ms. Brooks to deliver all records and tapes to Circuit Judge Victor Hill for delivery to Mr. William Kisselberg to complete the record within sixty days. *See Hamilton v. Jones*, 352 Ark. 569, 102 S.W.3d 479 (2003) (order granting clarification).

On July 22, 2003, we granted Mr. Kisselberg an additional sixty days to complete the record. Additionally, we denied the appointment of a new court reporter and/or allowing Iris Brooks to complete the record.

On September 4, 2003, we issued a writ of *certiorari* establishing November 3, 2003, as the deadline for submitting the complete record in this case.

On October 31, 2003, Mr. Hamilton, through his attorney, Mr. Bernard, filed this motion for writ of *certiorari*, requesting that his briefing schedule be suspended until the complete trial transcript is prepared, and that we issue a new writ of *certiorari* to Iris Brooks to complete the record. Filed with this motion is an affidavit by Donna Palmer, a Crittenden County clerk, stating that as of October 30, 2003, she had received nothing from the court reporter to prepare for this court. We note that Iris Brooks is no longer ordered to complete the record, as appellant's motion suggests. To the contrary, we have ordered Mr. Kisselberg to complete the record.

A record in this case has been prepared and tendered to our clerk, but Mr. Kisselburg has not certified the record because he was not present at the reported proceedings and could not certify that the record is true and accurate. Under these circumstances, and in the interest of allowing appellant his opportunity to appeal, we direct the attorneys of record to review the record to determine what portions of the record, if any, have been omitted and to certify to the Supreme Court Clerk, by affidavit, that the record is true, accurate, and complete. *See Mangrum v. Pigue*, 354 Ark. 477, 125 S.W.3d 194 (2003). Upon such certification, we will accept the record. If either or both attorneys decline to certify that the record is complete within thirty days of this *per curiam* order, then the matter shall be remanded to the trial court to settle the record, pursuant to Ark. R. App. P.—Civil 6(d) and 6(e).

Motion for writ of *certiorari* denied.