## Iris BROOKS *v.* BOARD of CERTIFIED COURT REPORTER EXAMINERS

04–828                                              200 S.W.3d 900

Supreme Court of Arkansas
Opinion delivered January 13, 2005

*Sheila F. Campbell*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Larry Crane*, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. This appeal arises from an order revoking the certificate of a court reporter. On May 8, 2003, appellee, the Board of Certified Court Reporter Examiners ("Board") revoked the certificate of appellant, Iris L. Brooks, for her failure to prepare a trial transcript in the case of *Hamilton v. Jones*, 351 Ark. 382, 93 S.W.3d 694 (2002) ("*Hamilton I*"). We affirm the Board's findings.

Attorney S. Butler Bernard, Jr. filed a notice of appeal on behalf of his client, Richard Hamilton, and we granted appellant's petition for writ of *certiorari*, requesting that we direct appellant Brooks to complete the record on September 5, 2002. On September 24, 2002, we granted a final extension with a deadline of December 8, 2002. On December 6, 2002, Mr. Bernard filed a motion for extension of time, stating that Ms. Brooks would not have the record ready to file until the following week. On December 19, 2002, we issued a *per curiam* opinion ordering Ms. Brooks to show cause why she should not be held in contempt of court for failing to prepare the record on time. *Id.*

A partial record, which consisted of approximately five-hundred pages, was tendered by Ms. Brooks to the clerk of our court on January 9, 2003.

On January 16, 2003, we held the show-cause hearing. Ms. Brooks pleaded guilty and offered mitigating circumstances, including that she worked long hours, was too ill and tired to continue working, and had two disabled children for whom she provided care. We issued a *per curiam* order on January 23, 2003, and entered a contempt citation with a fine of $100.00. We referred the matter to the Board of Certified Court Reporter Examiners. *See Hamilton v. Jones*, 351 Ark. 561, 95 S.W.3d 809 (2003) ("*Hamilton II*").

In *Hamilton v. Jones*, 352 Ark. 569, 102 S.W.3d 479 (2003) ("*Hamilton III*"), dated April 10, 2003, we issued a writ of *certiorari* directing Ms. Brooks to complete the record within thirty days of our *per curiam* order. In response to our order, Ms. Brooks filed a motion for clarification, as she was no longer licensed to work as a court reporter and could not perform the duties as we directed in our order. On April 24, 2003, we revised *Hamilton III*, entered an order granting clarification, and directed Ms. Brooks to deliver all the records and tapes of the underlying case to Circuit Judge Victor Hill for delivery to the present court reporter, Mr. William

Kisselberg, to complete the record within sixty days. *See Hamilton v. Jones*, 352 Ark. 569, 102 S.W.3d 479 (2003) (order granting clarification) ("*Hamilton IV*").

On July 22, 2003, we granted Mr. Kisselberg an additional sixty days to complete the record and denied the appointment of a new court reporter. On September 4, 2003, we issued a writ of *certiorari* establishing November 3, 2003, as the deadline for submitting the completed record in the underlying *Hamilton* case.

On October 31, 2003, Mr. Hamilton through his attorney, Mr. Bernard, filed another writ of *certiorari*, requesting that his briefing schedule be suspended until the complete trial transcript was prepared, and that we issue a new writ of *certiorari* to Ms. Brooks to complete the record. Mr. Hamilton filed an affidavit with his motion in which Donna Palmer, a Crittenden County clerk, stated that she had not received anything from Ms. Brooks.

In *Hamilton v. Jones*, 355 Ark. 257, 132 S.W.3d 724 (2003) ("*Hamilton V*"), we noted that we had ordered Mr. Kisselberg to complete the record. We further noted that a record had been tendered to our court, but that Mr. Kisselberg had not certified the record because he was not present at the proceedings. We directed the attorneys of record to review the record within thirty days of our *per curiam* opinion to determine what portions of the record, if any, were omitted and to certify to our court by an affidavit that the record was true, accurate, and complete. *Id.*

Meanwhile, pursuant to our order in *Hamilton II, supra*, the Board conducted a hearing on April 5, 2003, to determine if disciplinary action against Ms. Brooks was warranted for her failure to prepare the record in this case. At the hearing, Ms. Brooks testified that, notwithstanding our order in *Hamilton II*, she had not yet prepared and submitted the final transcript. She estimated that there was an additional 1,000 to 1,500 pages left to prepare. She also testified that she had been paid $5,000.00 in advance to prepare the transcript, but that she used the money to purchase a car after having been involved in an accident. She also admitted that she failed to pay the $100.00 fine imposed by our court in *Hamilton II, supra*, following her plea of guilty to contempt. She explained to the Board her reasons for failing to prepare the transcript and for failing to pay her fine. She testified that she had "farmed out" the typing of the transcript to someone else, but she had not proofread it.

The Board made the following findings of fact:

1. Ms. Brooks' failure to prepare the transcript in *Hamilton v. Jones, supra*, was without excuse or justification, and constituted gross incompetence or habitual neglect of duty and intentional violation of, noncompliance with, or gross negligence in complying with any rule or directive of the Arkansas Supreme Court.

2. Ms. Brooks' failure to pay the $100.00 fine levied by the Arkansas Supreme Court for contempt within a reasonable time was without excuse or justification, and constituted intentional violation of, noncompliance with, or gross negligence in complying with any rule or directive of the Arkansas Supreme Court.

In making these findings, the Board concluded that Ms. Brooks violated sections 19(d) and 19(c) of the Regulations of the Board of Certified Court Reporter Examiners and that her reporter's certificate should be permanently revoked. Ms. Brooks was ordered to deliver all court records and tapes in her possession to Circuit Judge Victor Hill's present court reporter.

On June 4, 2003, Ms. Brooks timely filed her notice of appeal with the Pulaski County Circuit Court. On February 24, 2004, Ms. Brooks, the Board and separate appellees filed a joint motion to certify the case to our court. On March 3, 2004, the Pulaski County Circuit Court entered an agreed order, stating that "this matter should properly be certified directly to the Arkansas Supreme Court for review" as provided by our October 30, 2003, *per curiam* opinion that amended Section 7 of the Rules Providing for Certification of Court Reporters to require review of appeals of suspensions and revocations to be made by our court rather than the circuit court. Ms. Brooks brings her appeal from the Board's findings.

At the outset, we note that Ms. Brooks urges our court to use two standards of review: a "clearly erroneous" standard and a "substantial evidence" standard. We review bar admission, reinstatement, and disbarment cases *de novo* and will not reverse the findings of fact of the Law Examiners unless they are clearly erroneous. *In Re Application of Crossley*, 310 Ark. 435, 839 S.W.2d 1 (1992); *In Re Petition for Reinstatement of Lee*, 305 Ark. 196, 806 S.W.2d 382 (1991); *Scales v. State Board of Law Examiners*, 282 Ark. 578, 669 S.W.2d 895 (1984).

With regard to court-reporter cases, in *In re: Rule Providing for Certification of Court Reporters; Regulations for the Board of Certified Court Reporter Examiners*, 354 Ark. Appx. 730 (2003) (*per curiam*),

we amended Section 7 of the Rules Providing for Certification of Court Reporters to require review of appeals of suspensions and revocations to be made by our court. The amended rule provides in pertinent part:

> Within thirty (30) days of receipt of written findings of the Board suspending or revoking a certificate, the aggrieved court reporter may appeal said findings to the Supreme Court of Arkansas for review *de novo* upon the record....

Ct. Reporters Rule § 7 (2003).

█. Thus, like the bar-admission cases, our inquiry on appeal is not whether there is substantial evidence to support the factual findings of the court, but upon our *de novo* review of the record, whether the findings of the Board are clearly erroneous. *Gillaspie v. Ligon*, 357 Ark. 50, 160 S.W.3d 332 (2004). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Taylor v. Hinkle*, 360 Ark. 121, 200 S.W.3d 387 (2004).

With this standard of review in mind, we turn to Ms. Brooks's points on appeal. First, she argues that the Board's decision to revoke her certificate was clearly erroneous. Second, she argues that the Board's decision to revoke her certificate was not supported by substantial evidence. Because we have established the applicable standard of review in this case, the question on appeal is whether the Board's findings to revoke Ms. Brooks's certificate were clearly erroneous.

In *Hamilton II, supra*, we accepted Ms. Brooks's guilty plea to the charge of contempt, imposed a reduced fine of $100.00, and referred the matter of Ms. Brooks to the Board. After conducting a hearing, the Board found that Ms. Brooks (1) failed to prepare the transcript and (2) failed to pay the $100.00 fine as ordered by our court. The Board further found that Ms. Brooks violated subsections 19(c) and 19(d) of the Regulations of the Board of Certified Court Reporter Examiners ("Regulations"), which provides in pertinent part:

> Section 19. Pursuant to Section 7 of the Rules of the Board of Certified Court Reporter Examiners, the Board may revoke or suspend any certificate issued after proper notice and hearing on the following grounds:

\* \* \*

    c. any intentional violation of, noncompliance with or gross negligence in complying with any rule or directive of the Supreme Court of Arkansas, any other court of record within this state, or this Board.

    d. fraud, dishonesty, gross incompetence or habitual neglect of duty... [.]

*Id.*

    In the present case, the Board correctly found that Ms. Brooks failed to prepare the record, failed to pay the fine, and violated subsections 19(c) and 19(d) of the Regulations. With regard to Ms. Brooks's failure to prepare the transcript, the following colloquy occurred:

> Ms. BROOKS: I pled guilty [at the contempt hearing] to not finishing what I thought was — just not finishing it. That portion was done. That's about 500-and-some pages. There's another thousand or so pages that I have not done.
>
> MR. FITZHUGH: Why not?
>
> Ms. BROOKS: Now, you want to understand — I mean —
>
> MR. ASHCRAFT: You still have more to do?
>
> Ms. BROOKS: Yes, I still have more to do.
>
>          \* \* \*
>
> Ms. HELMS: How many pages per volume?
>
> Ms. BROOKS: That's about 500. I estimate there are at least another 1,000 to 1,200 pages.
>
> MR. ASHCRAFT: You filed it in Crittenden County Circuit on December 9, one day after?
>
> Ms. BROOKS: Uh-huh.

MR. ASHCRAFT: So —

Ms. WORTHINGTON: When did you take all of this?

Ms. BROOKS: It's a year old.

Ms. HELMS: How many volumes have you completed?

Ms. BROOKS: I've just done that one and filed that one.

Ms. HELMS: You've completed one volume?

Ms. BROOKS: Right.

Ms. HELMS: You still have three or four more?

Ms. BROOKS: I have three, I think[.]

Ms. Brooks, by her own admission, stated that she failed to prepare the transcript, and that one year had transpired and the job was still incomplete.

█ With regard to her failure to pay the fine, Ms. Brooks testified at the hearing that she had not paid the $100.00 fine as we directed in *Hamilton II*, *supra*. When the chairman of the Board asked Ms. Brooks if she had paid the $100.00 fine in compliance with our *per curiam* order, she replied, "I don't have it." Additionally, Ms. Brooks admitted that she was paid $5,000.00 in advance for the preparation of the transcript, but that she "bought a car because [the $5,000.00] came the day that [her] car burned up." Based upon that testimony, the Board was correct in finding that she violated subsections 19(c) and 19(d) of the Regulations.

Ms. Brooks further argues that her "mitigating circumstances of the action of the appellant ha[ve] to be considered in determining if there was sufficient evidence presented to revoke her certificate as a court reporter." She cites *Wilson v. Neal*, 332 Ark. 148, 964 S.W.2d 199 (1998), for the proposition that the Board should have taken certain mitigating circumstances into account when making its decision. Those mitigating circumstances include her long work days, illness, travel time, and caring for two adult children with disabilities.

█ Here, it appears that the Board weighed Ms. Brooks's mitigating circumstances, as evidenced by its statement in its order that "Ms. Brooks described to the board several instances of

personal and financial misfortune which she said caused her to be late in preparing the transcript and paying her $100 fine." However, notwithstanding those mitigating circumstances, and after weighing the evidence in its entirety, the Board permanently revoked Ms. Brooks's certificate.

Ms. Brooks also asserts that her certification is a property interest that should be afforded the protection of due process. While Ms. Brooks does not challenge the constitutionality of the Regulations, she makes the general claim that her license is a property interest that must be protected. Her argument, however, is misplaced. In *Cambiano v. Neal*, 342 Ark. 691, 35 S.W.3d 792 (2000), we stated:

> Cambiano's argument [that rules providing for disbarment are unconstitutional] is premised on the idea that once licensed, he was then conferred a "property right" to practice law. However, this court has stated again and again that "the practice of law is a privilege and not a right." *See In re Petition Butcher*, 322 Ark. 24, 907 S.W.2d 715 (1995); *In re Petition for Reinstatement of Lee*, 305 Ark. 196, 806 S.W.2d 382 (1991). As such, any protections to a law license are only subject to the very lowest review under Due Process and Equal Protection Clauses of the Constitution.

*Cambiano, supra.*

Similarly, Ms. Brooks's practice as a court reporter is a privilege and not a right. *See Cambiano, supra.* Here, there were sufficient reasons that justified that Board's decision to revoke Ms. Brooks's license. Those reasons include that she failed to prepare the transcript after our extensions, that she was found in contempt in *Hamilton II, supra*, and that, based upon her own testimony, she failed to prepare the transcript and pay the fine in violation of our order. Because we have the power to regulate the practice of court reporters pursuant to our Regulations, we conclude that the Board's sanction to revoke Ms. Brooks's certificate was proper.

Based upon the foregoing conclusions, as well as our standard of review, we cannot say that a mistake was committed by the Board in revoking Ms. Brooks's certificate. *See Taylor, supra.* Therefore, we hold that the Board's decision was not clearly erroneous. Accordingly, we affirm the Board's decision.

Affirm.