Sarah FLYNN *v.* BOARD of CERTIFIED
COURT REPORTER EXAMINERS

07-888 279 S.W.3d 75

Supreme Court of Arkansas
Opinion delivered March 6, 2008

*Dover Dixon Horne PLLC,* by: *Thomas S. Stone* and *Nona M. Robinson,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Erika Gee,* Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. Sarah Flynn appeals an order of the Board of Certified Court Reporter Examiners suspending her court reporter's certification for one year commencing May 23, 2007. Flynn alleges that she was denied due process when the notice of complaint and hearing resulting in her suspension failed to list the charges against her and the possible action the Board might take. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(8). On the appeal of a decision of the Board of Certified Court Reporter Examiners, we conduct a de novo review of the record and do not reverse unless the Board was clearly erroneous. *See Brooks v. Bd. of Certified Court Reporter Exam'rs,* 360 Ark. 296, 200 S.W.3d 900 (2005).

Flynn has a court reporting service. On April 7, 2007, court reporter Amber Prichard submitted a complaint to the Board regarding Flynn. She attached three affidavits: her own, Amanda Poe's, and Rena' Allmond's. All three court reporters made similar

allegations in their affidavits: that Flynn began to complete all deposition transcripts herself; that she required court reporters to provide her with a constant supply of blank but signed deposition certification pages; that although they were the court reporters at the depositions, they never signed any deposition transcript after it was bound; and that Flynn made changes to the deposition transcripts.

On April 12, 2007, the Board sent a letter to Flynn under the Executive Secretary's signature that stated, "Enclosed is a copy of the complaint which has been filed against you by Ms. Amber Prichard." The letter informed Flynn that she could file a response and that the Board would "hold a hearing in this matter on May 12, 2007."

Flynn filed an answer and also filed a motion to dismiss alleging that, among other things, the notice was defective. At the hearing, Flynn restated her objections to the notice, noting that the Board's rules, section 19, require that the notice state the issues to be decided as well as possible action to be taken by the Board. The Board rejected the argument, and the hearing proceeded.

Section 19(d) provides in pertinent part as follows:

> The notice shall state the cause for the contemplated revocation or suspension and the time and place of the hearing before the Board, and shall be mailed to the registered address of the holder of the certificate at least thirty days prior to the hearing. The Board shall make written findings of fact based on the evidence presented.

The Board argues that when taken as a whole, the correspondence, as well as the affidavits and notice of witnesses' testimony, constituted substantial compliance with section 19(d).[1]

However, this court has held that a governmental entity must strictly comply with its own rules and regulations. Where a

---

[1] The Attorney General argues that there was substantial compliance, citing *Fullerton v. Southside School District*, 272 Ark. 288, 613 S.W.2d 827 (1981). In that case, the statute provided that a teacher's contract will be renewed unless the teacher "is notified by the school district that the superintendent is recommending that the teacher's contract not be renewed." *Id.* at 290, 613 S.W.2d at 828. In that case, there was no such recommendation, but rather, the Board, after a couple of hearings, decided not to renew Fullerton's contract. Fullerton alleged that the failure of the superintendent to recommend his dismissal was fatal. The court found that the Board was vested with sole power to terminate teachers and that there was substantial compliance with the statute. A statute was at issue in *Fullerton*, and that case is not on point. Likewise the foreign jurisdiction cases cited by the Board concern law that is

governmental entity sets its own rules, that entity must strictly adhere to those rules. In *Smith v. Denton*, 320 Ark. 253, 895 S.W.2d 550 (1995), this court stated the following about compliance of a governmental entity with its own regulations:

> In the present case, UCA failed to adhere to its own expressly enunciated standards for ensuring procedural due process. The procedures provided by the university were not structurally flawed; in terms of actual compliance, however, the letter and spirit of procedural due process were violated. To protect due process, the courts, in matters pertaining to a governmental entity's observance and implementation of self-prescribed procedures, must be particularly vigilant and must hold such entities to a strict adherence to both the letter and the spirit of their own rules and regulations.

*Id.* at 260, 895 S.W.2d at 555 (citing *Powell v. Heckler*, 789 F.2d 176 (3rd Cir. 1986); *Koolstra v. Sullivan*, 744 F. Supp. 243 (D. Colo. 1990)).[2] The court in *Powell, supra,* stated that, while deference is granted to an administrative agency's findings of fact, an agency must strictly adhere to both the letter and the spirit of its own rules and regulations. The United States Court of Appeals for the Second Circuit more recently reaffirmed this in *Singh v. United States Department of Justice*, 461 F.3d 290 (2d Cir. 2006), where the court held that strict adherence to a governmental agency's own regulations is required even without proof of prejudice to the objecting party.

 Section 19(d) states that "[t]he notice shall state the cause for the contemplated revocation or suspension." "Shall" is mandatory in this context. *See Watson v. Connors*, 372 Ark. 56, 270 S.W.3d 826 (2008). The notice in this case did not meet the requirements set by the Board in its rules, and the Board was clearly erroneous when it failed to grant Flynn's motion to dismiss

---

different from the law that has been developed in Arkansas on compliance with rules and regulations that are promulgated by governmental entities.

[2] *See also Richie v. Bd. of Educ.*, 326 Ark. 587, 592-93, 933 S.W.2d 375, 379 (1996), where regulations promulgated by a school board were at issue. This court stated the following about those regulations:

> To protect due process, the courts, in matters pertaining to a governmental entity's observance and implementation of self-prescribed procedures, must be particularly vigilant and must hold such entities to a strict adherence to both the letter and the spirit of their own rules and regulations.

the complaint on that basis. The decision of the Board suspending Flynn is reversed and remanded. A notice complying with section 19(d) must issue, and the Board must hold a new hearing to consider the complaints against Flynn.

Reversed and remanded.