IN RE: PETITION of Kurt BUTCHER for Reinstatement to
the Bar of Arkansas

95-749                                              907 S.W.2d 715

Supreme Court of Arkansas
Opinion delivered October 9, 1995

*John Skaggs*, for petitioner.

No response.

ROBERT H. DUDLEY, Justice. Kurt Butcher was admitted to the Bar of Arkansas in 1974. Ten years later, in August 1985, because of complaints of former clients filed against him with the Committee on Professional Conduct, he asked us to accept the surrender of his license. We accepted the surrender of his license by *per curiam* order on September 30, 1985. Nine years later, in January 1994, he petitioned the Board of Law Examiners for reinstatement to the Bar. The Board conducted a hearing to determine whether petitioner was "of good moral character and mentally and emotionally stable." *See* Rules Governing Admission to the Bar XIII. The Board, by a six-to-five vote, recommended to this court that it reinstate petitioner. We deny the petition for reinstatement.

## I.

At the time petitioner surrendered his license he admitted in a verified pleading to this court:

> 1. That he had represented Donald and Lela Faye DeShields and told them he was waiting for a trial date. In truth, their case had been dismissed.

2. That Franklin G. and Geraldine Roth employed him to dissolve a corporation. He accepted service of process for a suit filed against his clients and did not tell them they had been sued.

3. That Aaron Don Gaylor employed him in two separate legal matters and paid fees for both. Petitioner apparently did nothing.

4. That Joseph C. Fisher employed him in a contested case. He failed to notify Fisher that he was to give a deposition. The trial court imposed sanctions against Fisher, and it was necessary for Fisher to employ other counsel.

5. That Clarence A. and Betty I. Leis employed him for some corporate law work, but he did not timely complete the work. The Leises alleged that consequently they were forced to file a Chapter 11 petition in bankruptcy court. Petitioner's actions were such that the bankruptcy court entered a $10,000 nondischargable judgment against petitioner.

6. That five counts of felony theft of property by deception were filed against petitioner by former clients in the Circuit Court of Yell County.

7. That two counts of felony theft by deception were filed against petitioner in the Circuit Court of Washington County.

In addition to the foregoing violations of the Rules of Professional Conduct, a civil judgment in the amount of $5,000 was outstanding against appellant. However, that judgment, unlike the nondischargable bankruptcy judgment, implies no breach of responsibility to a client.

The two counts of felony theft by deception filed against petitioner in Washington County were subsequently dismissed upon a request by the prosecuting attorney. The prosecutor's request was based on the opinion of Dr. Roy Ragsdill of the Arkansas State Hospital that petitioner lacked capacity to appreciate the criminality of his conduct.

Petitioner pleaded *nolo contendere* to the five counts of

felony theft in Yell County and was given a suspended imposition of sentence and one year's probation.

Both civil judgments against petitioner remain unsatisfied. Upon learning that petitioner had applied for reinstatement, Clarence Leis, one of petitioner's former clients, wrote the Board, in part, as follows:

> What makes me think that he has not learned his lesson or is sorry for what he has done is that he has asked someone else to call me to drop charges on him. If he had any compassion or was sorry, he would have called me or other members of my family and talked to us about it himself.

## II.

As early as 1977, petitioner was diagnosed as having a bipolar disorder, formerly known as a manic-depressive disorder, and essential hypertension. He took lithium and thorazine to control the disorder, but in 1983, upon advice of a physician who was not his treating physician, he discontinued the medication. He lapsed into a manic depressive psychosis by early 1984. Petitioner testified to the Board that he has been generally stable since 1985, and that he has strictly followed the treatment prescribed by his treating physiatrist. He states that he now has a full awareness of his affliction and its possible effect upon potential clients should he be allowed to return to the practice of law.

Dr. Edwin C. Jones, petitioner's treating physiatrist, states that petitioner is presently competent to practice law from the perspective of treatment of the bipolar disease. Petitioner states that he desires to remain free of the adverse effects of his disorder and that he will follow the prescribed plan of medication. He has submitted a substantial number of letters supporting his reinstatement. The letters are from judges, business people, and friends.

## III.

The separation of powers provisions of the Constitution of the State of Arkansas inherently places the responsibility of regulating the practice of law in this court. *Hurst* v. *Bar Rules Comm.*, 202 Ark. 1101, 1108, 155 S.W.2d 697, 701 (1941).

In addition, Amendment 28 expressly places the responsibility in this court. Ark. Const. amend. 28.

■ The standards governing readmission are settled. A practice of law is a privilege and not a right. *In re Petition for Reinstatement of Lee*, 305 Ark. 196, 806 S.W.2d 382 (1991). The lawyer who has lost his or her license has the burden of proof at the readmission hearing. Rules Governing Admission to the Bar XIII. Once a lawyer has lost his license to practice law, either through surrender or disbarment, there is a *presumption against readmission. In re Admission of Anderson*, 312 Ark. 447, 851 S.W.2d 408 (1993). The protection of the public and the honor and integrity of the legal profession are the "overriding" considerations in readmission cases. Rehabilitation of the disbarred lawyer is given only "due" consideration. *Hurst*, 202 Ark. at 1109, 155 S.W.2d at 701. A position of trust, and sometimes an actual fiduciary relationship, exists in an attorney-client relationship. For our legal system to function properly, a client must be able to have trust in his or her counsel, and it is the responsibility of this court to see that the public can have that trust. *Anderson*, 312 Ark. at 453, 851 S.W.2d at 411.

■ Petitioner has made good progress in the rehabilitation of his disorder, and we commend him in those efforts. His medical testimony shows that, from the perspective of his bipolar disorder, he is now competent to practice law. However, there was no direct proof that a bipolar disorder causes one to act in deceptive or dishonest manner. The proof showed that petitioner's mental stability is restored while he is on medication, but there was no proof that he is morally fit to practice law. Petitioner's proof before the Board fell short of overcoming the presumption against readmission.

■ Even if petitioner's proof can be said to constitute some proof of restored moral fitness, it would be given only due consideration. The public trust and integrity of the Bar would be given overriding consideration, and we are not convinced that the public trust would be satisfied by the readmission of petitioner.

■ Finally, for the guidance of the Board and the Bar we note that even if petitioner had overcome the presumption against readmission and had made a strong showing of moral rehabilitation, it would not mean that he was competent to prac-

tice law, or that we would necessarily approve immediate reinstatement. The Board can recommend conditions upon which an attorney might be reinstated. Rules Governing Admission to the Bar XIII. The Board might make a recommendation such as reinstatement upon receiving favorable continuing medical reports, or some other appropriate condition. However, when a former attorney has been out of the law practice for a considerable amount of time, ten years in this case, it is not likely that we would order immediate reinstatement to the Bar. Rather, it is more likely that he or she would only be deemed morally fit to take the bar examination once again and, if he or she passed the exam, then the license could be reinstated.

Petition denied.