Pervis Michael REDDEN *v.* The ARKANSAS STATE BOARD of LAW EXAMINERS

07-661                                          269 S.W.3d 359

Supreme Court of Arkansas
Opinion delivered December 6, 2007

Appellant, pro se.

*W. Frank Morledge, P.A.*, by: *W. Frank Morledge*, for appellee.

J IM HANNAH, Chief Justice. Pervis Michael Redden appeals a decision of the State Board of Law Examiners that he failed to establish "good moral character" as contemplated by Rule XIII of the Arkansas Rules Governing Admission to the Bar. Redden has appealed to this court as allowed under Rule XIII(F). He seeks readmission to the bar after disbarment in 2000. We affirm and hold that the Board was not clearly erroneous.

On October 16, 2005, Redden filed an application for readmission to the Bar of Arkansas. Simultaneously, Redden sent a letter to the Board in which he apologized for his past misconduct. He stated that he came to a recognition that he was in the "wrong way," and that he had injured his family, his clients, and the profession. He characterized his "biggest problem" as an inability to handle financial matters, noting that he has since acquired financial expertise through education. He also stated, "I apolo-

gized to my clients and over time I reimbursed all the parties involved in my misconduct to the best of my knowledge." He further provided information that since being disbarred, he has become a credentialed secondary education teacher in Oklahoma (2001), Texas (2001), and California (2002), and notes that the credentialing required that he be in "good standing" in his community and of "high moral character." A recitation of the facts giving rise to the disbarment is necessary because Redden asserts that the Board's decision was in part based on his October 16, 2005 letter and its assertions relating to post-disbarment events arising from misconduct discussed in the disbarment proceedings.

On March 10, 1999, the Arkansas Supreme Court Committee on Professional Conduct filed an action for disbarment against Redden in Pulaski County Circuit Court pursuant to P. Reg. Prof'l Conduct (5)(K) (1998). A hearing was held on January 31, 2000. Redden was present and represented by counsel. On February 23, 2000, the circuit court entered an order finding that the allegations of misconduct were sustained by the proof and enjoining Redden from practicing law. The order further recommended that this court disbar Redden.

The circuit court found that Redden violated Ark. R. Prof'l Conduct 1.15(b) (1998) (safekeeping property of clients and third persons), Ark. R. Prof'l Conduct 8.4(c) (1998) (dishonesty, fraud, deceit or misrepresentation), and Ark. R. P. Conduct 8.4(d) (1998) (conduct prejudicial to the conduct to the administration of justice). The circuit court noted a number of instances of prior misconduct by Redden, specifically noting that in settling a tort action in 1995 on behalf of Karen Ramos, Redden obligated himself to pay all her medical bills but failed to do so. The circuit court further noted that Ramos was sued on a medical bill and satisfied the bill herself to resolve the lawsuit. Redden did reimburse Ramos over time, making the last payment in January 2000. The circuit court additionally noted that Redden was sanctioned by a suspension for six months on November 15, 1995 (commingling his funds with those of client Mary Ann Phillips), a one-year suspension on May 2, 1997 (commingling funds with client trust funds), a six-month suspension on November 13, 1997 (business transactions with former client Kenneth Van Dyke), and that he was reprimanded on December 29, 1998 (lack of contact with client Betty Smith).

The circuit court recited that Redden denied that he suffered from any chemical dependency or mental disability that

might have contributed to the conduct, and that the only mitigating factor offered was that he had a change in office personnel that caused trust account problems. The circuit court further noted that Redden felt the Committee was unfairly targeting him.

Under P. Reg. Prof'l Conduct § 5(L)(2) (1998), Redden had the right to appeal the decision of the circuit court. While he filed a notice of appeal, the appeal was never perfected. Based on the circuit court's findings, and its order recommending disbarment, the Committee filed a petition in this court requesting disbarment. On July 13, 2000, in *In re Pervis Michael Redden*, 341 Ark. Appx. 983, 20 S.W.3d 413 (2000), this court issued a per curiam opinion entering an order of disbarment and revoking Redden's license to practice law.

We note at the outset that much of Redden's argument in his brief is based on alleged errors committed by the circuit court in the disbarment proceedings in 2000. When Redden failed to perfect his appeal from the circuit court's order, the findings in that order became final and binding on all parties to the action. *Nat'l Enters., Inc. v. Lake Hamilton Resort, Inc.*, 355 Ark. 578, 142 S.W.3d 608 (2004). Under the doctrine of res judicata, a party is precluded from relitigating an issue that has already been decided. *McAdams v. McAdams*, 357 Ark. 591, 184 S.W.3d 24 (2004). Thus, the decision and findings by the circuit court are not subject to collateral attack on this appeal.

The issue before this court is whether the Board was clearly erroneous in finding Redden failed to establish "good moral character." We will not overrule the Board's decision unless it is clearly erroneous. *In Re Petition for Reinstatement of Law License of Lee*, 305 Ark. 196, 806 S.W.2d 382 (1991). In its Findings of Fact and Conclusions of Law, the Board recounted the misconduct that led to disbarment and then stated as follows:

> At the time the Applicant submitted his application for readmission, he offered a letter dated October 16, 2005. In that letter he stated, "I reimbursed all the parties involved in my misconduct to the best of my knowledge" (Ex. 1). Two of the individuals financially damaged by the Applicant's misconduct were William J. Masenholder, and, Mary Ann Phillips. Both filed complaints with the Committee on Professional Conduct. According to the Supreme Court Committee on Professional Conduct, in 1996 the Applicant borrowed money from Mr. Maesenholder and failed to repay that loan, and, during that same year, the Applicant misappropriated

funds due his client, Mary Ann Phillips (Ex. 2). Restitution payments were made to Mr. Maesenholder and Ms. Phillips in December, 2005 and January 2006, which was several months after the Applicant's assertion that reimbursement had been completed (Ex. 6). Further, such payments were made only after the Secretary raised the issue. When questioned concerning this discrepancy, the Applicant variously stated "they had been discharged in the bankruptcy;" and with regard to Mr. Maesenholder, "I overlooked that fact" (that he had failed to pay Mr. Maesenholder); or that he was basing his representation in his letter of October 16 on a review of his credit report; or, that this was a "mistake" (TR.p. 17-19).

The Board concluded that this misrepresentation in the October 16, 2005 letter was either "intentional or grossly negligent on his part." The Board further stated that "[i]n either case, this misrepresentation reflects adversely on the Applicant's honesty and trustworthiness. The Board concludes, by a preponderance of the evidence, that the Applicant has failed to establish 'good moral character' as contemplated by Rule XIII of the Rules."

We review the Board's decision de novo upon the record. Rule XIII(F). As already noted, we will not overrule the Board's decision unless we find it is clearly erroneous. *Lee, supra.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Stilley v. Supreme Court Comm. on Prof'l Conduct,* 370 Ark. 294, 259 S.W.3d 395 (2007).

As noted by the Board in its Findings of Fact and Conclusions, Mr. Masenholder filed a complaint with the Committee, and Redden's loan from this former client was noted in the Complaint for Disbarment. Mary Ann Phillips filed a complaint with the Committee, and she was listed in the Complaint for Disbarment. Redden's conduct in her case was discussed at length in the disbarment hearing. The Board found, and we are not left with a definite and firm conviction that the Board was mistaken, that Redden was aware of these complaints at the time he wrote the October 16, 2005 letter, and that Redden's representations about reimbursement were either intentional or grossly negligent.

Redden has become a credentialed secondary education teacher, a process that involved an examination of his character. While we applaud his achievements since disbarment, we cannot

ignore the similarity between the misrepresentations in his October 16, 2005 letter and the lapses in judgment that gave rise to disbarment. Redden's brief was comprised primarily of an attempt to convince this court that the circuit court erred in January 2000. Unfortunately, his reargument only reinforces the position that he took at the time, one of trying to avoid the consequences of his actions. Redden allowed his own interests to repeatedly prevail over those of his clients. Particularly distressing is his attempt to hide behind his bankruptcy and argue that while he still owed his clients money, that duty was discharged by his bankruptcy. He asserts that the Board discriminated against him as a bankruptcy debtor. He alleges there is an attempt to hold him responsible for the debts in violation of the United States Bankruptcy Code. He is mistaken. He is being asked to abide by the fiduciary obligations he made to his clients and the standards that he agreed to assume when he took the oath of an attorney and became an officer of the court. The Bankruptcy Code is not at issue. He has now apparently reimbursed his former clients; however, although he has done so in the face of financial difficulties, it still appears he has only done so haphazardly and grudgingly. This exhibits a disregard for his duties to his clients and the honor of the profession.

■ The protection of the public and the honor and integrity of the profession have long been the principal criteria in determining whether a person should be admitted or readmitted to the bar. *In re Petition of Anderson*, 312 Ark. 447, 851 S.W.2d 408 (1993); *Maloney v. State ex rel. Prosecuting Attorney* , 182 Ark. 510, 32 S.W.2d 423 (1930) ( it is extremely desirable that the respectability of the bar should be maintained). There is a presumption against readmission. *Anderson, supra*; *Hurst v. Bar Rules Comm. of the State of Arkansas*, 202 Ark. 1101, 155 S.W.2d 697 (1941). Further, we give due consideration to rehabilitation by an applicant. *See Anderson, supra*. We have done so in this case. We find no clear error by the Board and affirm.