2013 Ark. 102

**In re Jeffrey Lee HAYNES, Petitioner.**

**No. 12–767.**

Supreme Court of Arkansas.

March 7, 2013.

Jeffrey Lee Haynes, Fort Smith, pro se petitioner.

CLIFF HOOFMAN, Justice.

This case involves an original petition filed by Jeffrey Lee Haynes seeking readmission to the Arkansas Bar pursuant to Rule XIII(G) of the Arkansas Rules Governing Admission to the Bar after the Arkansas State Board of Law Examiners (Board) concluded that he was eligible for readmission. We grant the petition.

Haynes was licensed to practice law in Arkansas in September 1995 and continued a solo practice until early 1999, when he abandoned his law practice due to emotional and physical problems stemming from a car accident in 1998 that resulted in his wife's death and in serious injuries to him. In September 1999, Haynes was arrested and charged with the Class C felony offenses of possession of methamphetamine and possession of drug paraphernalia. On August 4, 2000, Haynes entered a negotiated plea of nolo contendere to the charges and was sentenced to twelve months' incarceration in a regional punishment facility and 108 months' suspended imposition of sentence (SIS). The terms of his plea agreement further provided that Haynes agreed not to attempt to regain his law license within the period of his nine-year SIS. Haynes then voluntarily petitioned to surrender his license to practice law, and this court accepted the surrender on October 12, 2000.

On April 22, 2011, Haynes filed an application with the Board seeking readmission to the Bar of Arkansas. The Chair of the Board concluded that she was unable to determine whether Haynes was eligible for readmission, and Haynes requested an evidentiary hearing on the petition in order to establish a record for a vote of the entire Board.

At a hearing held before three members of the Board on January 21, 2012, Haynes admitted that he had pled nolo contendere to two felonies, which are serious crimes preventing readmission to the bar under Ark. Sup.Ct. P. Regulating Prof'l Conduct § 24(B)(2), unless the offenses are ones for which the culpable mental state is negligence or recklessness. Haynes claimed that his mental state at the time he committed the crimes at issue was that of recklessness because he was suffering from overwhelming grief and depression subsequent to his wife's death that resulted in his drug use. He contended that he did not have the faculties to make a guided decision at that point in his life, nor did he have the capability to act knowingly or

purposely. He further mentioned that part of the reason that he had entered into a plea agreement was that two of his children, who were present when the contraband was found, had been charged with possession in connection with the 1999 incident and that these charges were dropped pursuant to the plea bargain.

Subsequent to the surrender of his law license, Haynes testified that he had served his sentence at the regional punishment facility, had completed a drug-and-alcohol rehabilitation ₃program at the facility, and had then moved to Texas, where he lived with his brother and had successfully completed the conditions of his suspended sentence. Haynes testified that he quit using illicit drugs even before he began serving his sentence and that he has remained sober since that time. He indicated that he has been working as a paralegal in Houston and that he wishes to regain his Arkansas law license so that he may also obtain a license in Texas. Haynes expressed great remorse for his previous actions and the effect that it had on his family. He mentioned numerous personal tragedies that had occurred to his family since his release from prison but testified that he had attended grief counseling with his daughter and has been able to assist his family during the hard times without turning to drugs. Haynes also provided several letters of recommendation in support of his application for readmission, all of which spoke to his dedication to his family, his willingness to assist others in need, his honesty, and his work ethic. The letters further stated that Haynes had been thoroughly rehabilitated, that he deserved a second chance, and that he would be an asset to the legal community.

Following the hearing, the Board, by a vote of seven to four, concluded that Haynes was eligible for readmission to the Bar of Arkansas. On July 25, 2012, the Board entered findings of fact and conclusions of law in support of its decision, finding that Haynes's conduct related to his two felony convictions fell within the exception contained in Ark. Sup.Ct. P. Regulating Prof'l Conduct § 24(B)(2), because he acted negligently or recklessly in his commission of the offenses. The majority of the Board also found that Haynes had been rehabilitated and that he had shown by a preponderance of the evidence his present mental ₄and emotional stability and good moral character. Haynes has now timely petitioned this court for readmission under Rule XIII of the Rules Governing Admission to the Bar, which states that, upon a recommendation of readmission by the Board, the matter shall be "referred to the Arkansas Supreme Court for disposition at its discretion."

This court has the express authority to regulate the practice of law under amendment 28 to the Arkansas Constitution, and the purpose of this amendment is to protect the public and maintain the integrity of the courts and the honor of the profession. *In re Madden,* 2012 Ark. 279, 423 S.W.3d 39. We have also recognized our inherent power to discipline an attorney. *Id.* Once a lawyer has lost his or her license to practice law, whether through surrender or disbarment, there is a presumption against readmission, and the lawyer has the burden of proof at the readmission hearing. *Id.* The overriding considerations on the question of readmission are the public interest and the integrity of the bar and the courts, giving due consideration to the rehabilitation of the petitioner in regard to good moral character and mental and emotional stability. *Id.*

We review findings of fact by the State Board of Law Examiners under the clearly erroneous standard. *Redden v.*

*Ark. State Bd. of Law Exam'rs,* 371 Ark. 584, 269 S.W.3d 359 (2007). A finding is clearly erroneous when, even though there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.*

In his petition, Haynes argues that this court should agree with the Board's finding that his conduct falls within the exception contained in Ark. Sup.Ct. P. Regulating Prof'l ₅Conduct § 24(B)(2) (2012). Section 24 provides as follows:

A. No attorney who has been disbarred or surrendered his or her law license in this State shall thereafter be readmitted to the Bar of Arkansas except upon application made to the State Board of Law Examiners in accordance with the Rules Governing Admission To The Bar, or any successor rules, and the approval of the Arkansas Supreme Court.

B. Provided, however, that application for readmission to the Bar of Arkansas shall not be allowed in any of the following circumstances:

(1) Less than five (5) years has elapsed since the effective date of the order of disbarment or surrender;

(2) The disbarment or surrender resulted from conviction of a Serious Crime in any jurisdiction other than commission of an offense for which the culpable mental state was that of negligence or recklessness; or

(3) Any of the grounds found to be the basis of a disbarment or any grounds presented in a voluntary surrender of law license are of the character and nature of conduct that reflects adversely on the individual's honesty or trustworthiness, whether or not the conviction of any criminal offense occurred.

A "Serious Crime" is defined as "any felony or any lesser crime...." Ark. Sup.Ct. P. Regulating Prof'l Conduct § 2(J) (2012).

As Haynes contends, neither of the statutes under which he was charged, Ark. Code Ann. §§ 5–64–401 and 5–64–403(c)(1)(A)(i) (Repl.2005), provides a culpable mental state for the offenses. According to Ark.Code Ann. § 5–2–203(b) (Repl.2006), "[e]xcept as provided in § 5–2–204(b) and (c), if the statute defining an offense does not prescribe a culpable mental state a culpable mental state is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly." A person acts "knowingly" with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that the attendant circumstances exist. Ark.Code Ann. § 5–2–202(2)(A) (Repl.2006). However, a person acts "recklessly" with respect to attendant circumstances or a result of his or her ₆conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur. Ark. Code Ann. § 5–2–202(3) (Repl.2006).

A majority of the Board agreed with Haynes that his culpable mental state at the time of the commission of the offenses was reckless and that he was therefore not prevented from being readmitted to the Bar under Ark. Sup.Ct. P. Regulating Prof'l Conduct § 24(B)(2). We agree.

The drug-and-paraphernalia-possession statutes under which Haynes was charged do not require a specific mental state, and thus, a showing of a purposeful, knowing, or *reckless* mental state is sufficient under Ark.Code Ann. § 5–2–203(b) to sustain a conviction. As the Board discussed at the hearing, any of these three mental states can apply to the offenses in this case, and the uncontradicted evidence presented by Haynes demonstrated that he entered his

plea of nolo contendere on the basis of a reckless mental state during the commission of the crimes. As further evidence that the applicable mental state in this case was that of recklessness, the Board further noted that the plea agreement signed by Haynes stated that he would be allowed to attempt to regain his law license only after his nine-year SIS had expired, instead of the five-year limitation contained in the rules, and that this negotiated provision would not have been included and approved by the prosecutor and the trial court had all of the parties not understood that Haynes would in fact be eligible to reapply. After hearing all the evidence presented by Haynes in support of his petition for readmission, the Board found that Haynes's conduct fell within the exception to Ark. Sup.Ct. P. Regulating Prof'l Conduct § 24(B)(2), and we cannot say that this finding was clearly erroneous.[1]

■ We also agree with the Board's conclusion that Haynes has been rehabilitated and that he has successfully established his present mental and emotional stability and good moral character by a preponderance of the evidence. Haynes testified that he quit using drugs before he began his period of incarceration and that he has maintained his sobriety since that time. He successfully completed his suspended sentence, and he has also remained gainfully employed in the legal profession for the past ten years. Thus, we find that Haynes's petition to be readmitted to the Bar of Arkansas should be granted.

Petition granted.

---

1. This case is distinguishable from our decision in *In Re Madden, supra,* in which we denied the petition for readmission to the bar, because the felony offense in *Madden,* misprision of a felony, required an affirmative act of

DANIELSON, J., concurs.

HANNAH, C.J., dissents.

PAUL E. DANIELSON, Justice, concurring.

I concur in the granting of Haynes's petition for readmission and write simply to call yet again, as I have done previously, for the reexamination of our rules regarding sanction, disbarment, and readmission due to the disparity of treatment that so often occurs from case to case. *See In re Petition for Readmission of Harold Wayne Madden to the Arkansas Bar,* 2012 Ark. 279, 423 S.W.3d 39 (Danielson, J., dissenting). It is this court that is charged with regulating the practice of law. *See In re Petition of Butcher,* 322 Ark. 24, 907 S.W.2d 715 (1995). Therefore, it is this court's responsibility to see that attorneys seeking readmission are treated both fairly and equally. Until we reexamine our rules, we cannot so guarantee. Accordingly, I respectfully concur.

JIM HANNAH, Chief Justice, dissenting.

Because I disagree with the majority's conclusion that Haynes *recklessly* possessed methamphetamine and drug paraphernalia, I respectfully dissent. Pursuant to Arkansas Code Annotated section 5-2-202(3) (Repl.2006),

(A) A person acts recklessly with respect to attendant circumstances or a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.

concealment and therefore did not fall within the exception to Ark. Sup.Ct. P. Regulating Prof'l Conduct § 24(B)(2) as it was not an offense for which the culpable mental state was that of negligence or recklessness.

(B) The risk must be of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

An example of an offense where death or injury may result from a conscious disregard of a substantial and unjustifiable risk is reckless driving. *See Rollins v. State*, 2009 Ark. 484, 347 S.W.3d 20. In the instant case, how can it be said that Haynes recklessly possessed methamphetamine and drug paraphernalia? He did not move about recklessly one evening with conscious disregard that he might obtain possession of methamphetamine and drug paraphernalia. Rather, Haynes sought and obtained possession of drugs and drug paraphernalia.

In my view, Haynes acted *knowingly* when he possessed methamphetamine and drug paraphernalia. As such, he is not eligible to apply for readmission to the Bar under Arkansas Supreme Court Rule Regulating Professional Conduct § 24(B)(2). I would deny Haynes's petition.