SLIP OPINION

Cite as 2015 Ark. 93

# SUPREME COURT OF ARKANSAS

No. CV–14–0366

| | |
|---|---|
| IN RE Jerry Hudson SHEPARD, Jr., Application for Readmission to the Arkansas Bar | Opinion Delivered March 5, 2015 |
| | APPEAL FROM THE ARKANSAS BOARD OF LAW EXAMINERS |
| | <u>PETITION DENIED</u>. |

**KAREN R. BAKER, Associate Justice**

Jerry Hudson Shepard, Jr., petitions this court for readmission to the Bar of Arkansas following his voluntary surrender of his Arkansas law license in 2006. Because this case arises under this court's power to regulate the practice of law, our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 1–2(a)(5).

Shepard began practicing law in Arkansas in 1997. From 1997 until 2006, Shepard had no disciplinary actions against him. On September 21, 2006, Shepard voluntarily surrendered his license to practice law in Arkansas and this court accepted his voluntary surrender of license on September 28, 2006.[1] *In re Jerry Hudson Shepard*, No. 06-1084. Attached to Shepard's petition to surrender his license was a list of documents placed under seal.[2]

---

[1] At the time of his surrender, Shepard was also licensed to practice law in Missouri. He surrendered his Missouri license in 2006 and was formally disbarred by that jurisdiction in 2007.

[2] Those documents were: (1) Letter from Circuit Court Judge Alan Epley to the Committee on Professional Conduct, dated August 23, 2006; (2) Petition for Immunity filed on August 18, 2006, in *State v. Allred*; (3) Grant of Immunity and Order to Testify filed

Shepard's petition to surrender arose as a result of events that occurred during his representation of a client, Richelle Allred. On or about July 13, 2005, Allred was charged with first-degree murder, tampering with physical evidence, and obstruction of governmental operations in connection with the death of David Harkrider.

On August 18, 2006, the Circuit Court of Carroll County granted Shepard immunity from prosecution concerning the death of David Harkrider. The court also granted Shepard immunity from "prosecution concerning the bribery of witnesses in this matter; the tampering with witnesses in this matter; the intimidation of a witness in this matter; and the introduction of unauthorized articles into the Carroll County Jail." The grant of immunity arose after Shepard refused to provide testimony to the prosecuting attorney regarding efforts to intimidate George Felice, a potential witness in Allred's murder trial, and efforts to bribe Billy Garland to provide false exculpatory testimony on Allred's behalf. According to a statement Garland gave police, Allred offered him $10,000 "to lie for her" and "her lawyer called [Garland]," because the lawyer "didn't want [Allred] handing [Garland] the money and advised that someone else would call [Garland]." In addition to Garland's statement, Doug Ray Smith told investigators that he went with Garland to meet someone in a WalMart parking lot and that person gave Garland cash. According to the investigator's report, Smith advised that Garland "was in jail with a guy and he knew this girl who was the one who did

August 18, 2006, in *State v. Allred*; (4) Order to Seal filed August 18, 2006, in *State v. Allred*; (5) Affidavit for Warrant of Arrest of Richelle Dawn Allred; (6) Affidavit of Warrant for Arrest of Bruce E. Hale; (7) Letter from Charles M. Kester dated September 1, 2006. All of these documents appear in the record for this case.

SLIP OPINION

it and [Garland] went down and spoke to her lawyer and made some statements and they paid him $10,000." The grant of immunity required Shepard to "take the necessary action to voluntarily surrender his law license in both the State of Arkansas and the State of Missouri within thirty (30) days of the entry of this order."

Thereafter, on September 21, 2006, Shepard petitioned this court to surrender his license. In his petition, Shepard admitted that he had "engaged in conduct that is a direct and serious violation of Arkansas Rule 8.4(b) (criminal act), 8.4(c) (conduct involving dishonesty), and 8.4(d) (conduct prejudicial to the administration of justice)." In addition, Shepard admitted that his conduct was "of a felony nature" and was "clearly 'serious misconduct' as defined in Section 17(B) of the Court's Procedures Regulating Conduct of Attorneys at Law." Finally, he admitted that his conduct "clearly constitutes a 'serious crime' as defined in Section 2(J) of the Procedures." As previously stated, this court accepted his petition to voluntarily surrender his license.

In September 2012, Shepard filed his application for readmission to the Bar of Arkansas with the Executive Secretary for the Arkansas State Board of Law Examiners. In his application, Shepard stated that he

> surrendered [his] license as a result of having an inappropriate relationship with a client who then attempted to bribe an individual she believed to be a witness. In addition, [his] wife was hospitalized and diagnosed with multiple sclerosis, which confined her to bed for the next six (6) months to a year. [He] was also caring for [their] four young children, which created an environment in which the surrender of [his] law license seemed like the best option for [his] family.

On August 19, 2013, the Executive Secretary forwarded Shepard's application to the Board's then acting chairman for additional evaluation. In the letter, the Executive Secretary

3

opined that "questions exist concerning Mr. Shepard's eligibility for readmission to the Bar of Arkansas," and therefore, she referred his file to the chairman for "further action" in accordance with Rule XIII of the Rules Governing Admission to the Bar of Arkansas. The letter from the executive secretary stated that if the chairman determined that Shepard was eligible for readmission then he would be "required to file a petition with the Supreme Court seeking the Court's approval as well, so any such determination by [the chairman] would not be a final disposition."

The following materials were provided to the chairman in addition to the executive secretary's letter: Shepard's application and supporting documents; documents from Arkansas and Missouri relating to Shepard's surrender and disbarment; letters of reference supporting Shepard's readmission; letters opposing Shepard's readmission; and a video-taped proffer of Shepard's testimony at the time he was granted immunity.

By letter dated September 5, 2013, the chairman informed the executive secretary that he had reviewed Shepard's application and determined that Shepard was "eligible for readmission upon receiving a passing score on the Arkansas Bar Examination." On September 9, 2013, the executive secretary notified Shepard of the chairman's decision. In her letter to Shepard, the executive secretary stated that even if Shepard received a "passing score on the February 2014 Bar Examination, he will still be required to file a motion with the Supreme Court as set forth in paragraph 2 of Section G of Rule XIII." Shepard subsequently received a passing score on the February 2014 Arkansas Bar Examination.

Shepard filed his petition for readmission with this court on April 25, 2014.

The standards governing readmission to the Bar are settled and include the principle that the practice of law is a privilege and not a right. *In re Petition for Reinstatement of Lee*, 305 Ark. 196, 202, 806 S.W.2d 382, 385 (1991). A lawyer who has lost his or her license has the burden of proof at the readmission hearing. Ark. Bar Adm. R. XIII; *see also In re Madden*, 2012 Ark. 279, at 8, 423 S.W.3d 39, 43. Once a lawyer has lost his or her license to practice law, either through surrender or disbarment, there is a presumption against readmission. *In re Petition of Butcher*, 322 Ark. 24, 28, 907 S.W.2d 715, 717 (1995). The overriding considerations on the question of readmission are the public interest, the integrity of the bar and the courts with due consideration to the rehabilitation of the petitioner with respect to good moral character and mental and emotional stability. *Madden*, 2012 Ark. 279, at 8, 423 S.W.3d at 43 (citing *In re Petition of Anderson*, 312 Ark. 447, 452, 851 S.W.2d 408, 410 (1993)). A position of trust, and sometimes an actual fiduciary relationship, exists in an attorney-client relationship. *Butcher*, 322 Ark. at 28, 907 S.W.2d at 718. For our legal system to function properly, a client must be able to have trust in his or her counsel, and it is the responsibility of this court to assure that the public can maintain that trust in the Bar. *Id.*

Amendment 28 to the Arkansas Constitution expressly gives this court the authority to regulate the practice of law. *See* Ark. Const. amend. 28 ("The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law."). The purpose of the amendment is to protect the public and to maintain the integrity of the courts

and the honor of the profession. *Anderson*, 312 Ark. at 452, 851 S.W.2d at 410. This court has the inherent power to discipline an attorney. *Id.* The protection of the public and the honor and integrity of the profession have long been the principal criteria in determining whether a person should be admitted or readmitted to the bar. *Redden v. Ark. State Bd. of Law Exam'rs*, 371 Ark. 584, 269 S.W.3d 359 (2007). This court gives due consideration to an applicant's rehabilitation. *Anderson*, 312 Ark. 447, 851 S.W.2d 408.

Section 24 of the Arkansas Supreme Court Procedures Regulating Professional Conduct of Attorneys at Law provides as follows:

> A. No attorney who has been disbarred or who has surrendered his or her law license in this State shall thereafter be readmitted to the Bar of Arkansas except upon application made to the State Board of Law Examiners in accordance with the Rules Governing Admission To The Bar, or any successor rules, and the approval of the Arkansas Supreme Court.
>
> B. Provided, however, that application for readmission to the Bar of Arkansas shall not be allowed in any of the following circumstances:
> (1) A period of less than five (5) years has elapsed since the effective date of the order of disbarment or surrender;
> (2) The disbarment or surrender resulted from conviction of a Serious Crime in any jurisdiction, unless the Serious Crime was an offense for which the culpable mental state was that of negligence or recklessness; or
> (3) Any of the grounds found to be the basis of a disbarment or any grounds presented in a voluntary surrender of law license are of the character and nature of conduct that reflects adversely on the individual's honesty or trustworthiness, whether or not the conviction of any criminal offense occurred.

Ark. Sup. Ct. P. Regulating Prof'l Conduct § 24 (2011).

There is no dispute that five years have elapsed since the effective date of this court's order granting Shepard's petition to voluntarily surrender his license on September 28, 2006.

In addition, there is no dispute that Shepard's voluntary surrender of his license did not result from conviction of a crime. However, Shepard admitted that his conduct constituted a criminal act, in violation of Arkansas Rule of Professional Conduct 8.4(b), involved dishonesty, in violation of Rule 8.4(c), and was prejudicial to the administration of justice, in violation of Rule 8.4(d). Rule 8.4(b) provides that it is professional misconduct to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Rule 8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Finally, Rule 8.4(d) states that "[i]t is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice." We cannot overlook the fact that in his petition to surrender his license, Shepard admitted that his conduct reflected adversely on his honesty, trustworthiness, or fitness to practice law, that his conduct was dishonest and that his conduct was prejudicial to the administration of justice.[3] Section 24.B.3 prohibits readmission of an attorney where the basis for the attorney's voluntary surrender involves conduct that reflects adversely on the individual's honesty, regardless of whether a criminal conviction arose from that conduct.

When this court construes a court rule, we use the same means and canons of construction that we use to interpret statutes. In considering the meaning and effect of a

---

[3]In addition to the conduct that precipitated the grant of immunity in exchange for his testimony, Shepard admitted that he had engaged in an "inappropriate" sexual relationship with Allred.

statute or rule, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc.*, 2011 Ark. 501, at 3, 385 S.W.3d 797, 799. The plain language of section 24.B.3 states that an attorney is not eligible for readmission where any of the grounds "presented in a voluntary surrender of law license are of the character and nature of conduct that reflects adversely on the individual's honesty or trustworthiness, whether or not the conviction of any criminal offense occurred." Thus, the question before this court is whether the grounds presented in Shepard's voluntary surrender of his law license bar his readmission. We conclude that they do. By his own admission, Shepard's conduct involved dishonesty and was prejudicial to the administration of justice. We do not need to examine Shepard's rehabilitation efforts because rehabilitation is pertinent only when an attorney is eligible for readmission. *See, e.g.*, *In re Haynes*, 2013 Ark. 102, at 7, 426 S.W.3d 411, 415 (finding that the attorney had presented sufficient proof of rehabilitation after concluding that the attorney was eligible for readmission).

Shepard admitted in his petition to surrender his license that his conduct reflected adversely on his honesty, trustworthiness, or fitness to practice law, that his conduct was dishonest and that his conduct was prejudicial to the administration of justice and, therefore, he is ineligible for readmission based on the plain language of section 24.B.3. This is true regardless of whether a conviction for any criminal offense occurred as a result of his conduct. Ark. Sup. Ct. P. Regulating Prof'l Conduct § 24.B.3.

Cite as 2015 Ark. 93

Petition denied.

Special Justice TIMOTHY GAUGER joins in this opinion.

GOODSON, J., not participating.

*Stuart Vess*, for petitioner.

*Nancie M. Givens*, Executive Director, Office of Professional Programs, for respondent.